Filed 12/9/22  P. v. Speights CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has California not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B317550 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA156521) |
| v. | |
| QUANISHA SPEIGHTS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lee W. Tsao, Judge.  Affirmed.

Katja Grosch, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

———————————

# INTRODUCTION

Defendant Quanisha Speights appeals from her conviction for assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).[1] Appointed counsel on appeal filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

## FACTS AND PROCEDURAL BACKGROUND

### 1. *The Assault*

On August 8, 2021, the victim was walking alone through a park in Los Angeles for exercise. Defendant, who was sitting nearby, attacked the victim. Defendant threw a glass bottle at the victim's face, giving him a black eye. Defendant struck the victim with a plastic comb, scratching his back. When the victim fell to the ground, defendant kicked him in the head two or three times.

### 2. *Information*

On October 7, 2021, the People filed an information alleging that defendant committed felony assault with a deadly weapon (§ 245, subd. (a)(1)) and various enhancements. On December 17, 2021, the People amended the information to allege a second count for assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)).

### 3. *Marsden Hearing and Trial*

At a December 16, 2021 hearing, defendant indicated she wanted to proceed to trial immediately. After an exchange that lasted several minutes, the court advised the defendant of her constitutional rights, defendant waived those rights (except the right to testify), and the court took a modified "slow plea." (See

---

[1] All subsequent statutory references are to the Penal Code unless indicated otherwise.

*People v. Morelos* (2022) 13 Cal.5th 722, 744 ["slow plea" includes a trial based on the preliminary hearing transcript].)[2]

On December 21, 2021, defendant made a motion to relieve her current counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, because she was unhappy with the charges and plea offers from the People. The trial court denied her motion after clearing the courtroom and hearing her argument.

A short while later, the court proceeded with the modified slow plea. The prosecutor indicated she would not proceed on the prior strike allegation or count one. The People pursued a conviction on count two—assault by means of force likely to produce great bodily injury.

The People submitted on the preliminary hearing transcript and the exhibits, which consisted of four short video clips showing the victim lying on the ground and defendant repeatedly attacking him.

Defendant testified she was at the park and saw the victim staring at her with a scary look; she thought the victim could be a pervert. Defendant testified that she approached the victim and asked him if something was wrong. Then the victim hit her and they began fighting. Defendant explained to the court she was homeless and had previously been assaulted by men on the streets. She stated she approached the victim despite his scary look because she wanted to know "what was going on with him."

The parties gave closing arguments. The court found defendant guilty of assault by means of force likely to produce

---

[2] At one point in the proceedings, the parties had agreed to waive jury and proceed with a bench trial. As the discussion among the court, defendant, and counsel proceeded, defendant waived all of her constitutional rights except the right to testify, thus resulting in a modified slow plea.

great bodily injury.  The other count was dismissed.  The court stated the preliminary hearing transcript contained testimony from the victim, who stated he was exercising at the park when he was attacked by defendant as described above.  The victim testified that he did not assault defendant before the incident occurred.  The court stated it had reviewed the four video exhibits.  Although the clips were short, the court found that they showed the victim lying on the ground while being attacked by defendant.  The court concluded the video contradicted defendant's version of events and showed that the victim acted defensively, not as the aggressor.  The court also found defendant in violation of her probation from an earlier case.

Defendant waived time for sentencing.  The court concluded defendant was not a good candidate for the low term or probation because she was already on probation for vandalism, showed no remorse for the assault, and the present attack was unprovoked and caused injury.  The court imposed the midterm of three years in prison, and gave her 272 days of custody credit.  The court terminated her probation in another case and eventually stayed various fines and assessments.

4.    *Appeal*

On January 3, 2022, defendant filed a timely notice of appeal.  On August 16, 2022, her appointed counsel filed a *Wende* brief, in which no issues were raised.  The brief included a declaration from counsel that she had reviewed the record and sent defendant a letter advising her that such a brief would be filed and defendant could file a supplemental brief.  That same day, this court sent defendant a letter advising her that a *Wende* brief had been filed and that she had 30 days to submit a brief raising any issues she wanted this court to consider.

On August 26, 2022, defendant filed a supplemental letter brief.

4

# *DISCUSSION*

In her one-page supplemental brief, defendant raises several issues regarding the charge for which she was convicted, the video evidence, and the plea deal. We address each in turn.

Defendant argues she should not have been charged with assault by means of force likely to produce great bodily injury because the victim was not injured. "Section 245, subdivision (a)(4) prohibits an assault upon another person 'by any means of force likely to produce great bodily injury.' 'An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.' (§ 240.) 'Great bodily injury is bodily injury which is significant or substantial, not insignificant, trivial or moderate.' " (*People v. Drayton* (2019) 42 Cal.App.5th 612, 614.) Here, defendant hit the victim's head with a bottle and kicked him in the head. The trial court could reasonably infer that both actions were likely to produce a significant and substantial injury. Substantial evidence supported defendant's conviction for assault by means of force likely to produce great bodily injury.[3]

Defendant expresses frustration with the video evidence shown at trial because it did not show the full incident. However, the trial court was aware the videos were just snippets of the incident. Nevertheless, the videos, though short, were relevant and highly probative to show that defendant was the aggressor. (See Evid. Code, §§ 351, 352.) Moreover, defense counsel expressly agreed to the introduction of the video evidence. (See

---

[3] We observe that unlike assault with a deadly weapon (§ 245, subd. (a)(1)), with which defendant was originally charged, the amended charge of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), of which she was convicted, is not a strike.

5

*People v. Mitcham* (1992) 1 Cal.4th 1027, 1071 [defendant barred from arguing admission of evidence was error where defendant failed to object and stipulated to its admission].)

Defendant contends her counsel allowed the case to go to trial despite her saying "at the last moment" that she "wanted to take the 2 ½ years" plea deal. However, the record does not show that defendant requested to take any plea deal. On the contrary, the People offered defendant to plead under section 245, subdivision (a)(4), in exchange for two years in state prison with half time credits. Defendant stated she was not interested in the offer. When the court confirmed that she did not want to take the plea, defendant responded, "No, I'm not going to prison." Defendant then insisted on speedily proceeding to trial.

We have examined the entire record and are satisfied that defendant's attorney fully complied with his responsibilities and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436.).

### DISPOSITION

We affirm the judgment.


RUBIN, P. J.

WE CONCUR:


BAKER, J.


KIM, J.

6